# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9076 | **DATE** | 8/2/2002 |
| **CASE TITLE** | The Law Offices of Sybil Shainwald vs. Goldberg & Goldberg | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. For the foregoing reasons, the motion to dismiss is denied. Defendants must answer or otherwise plead within 4 weeks from the date of entry of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 07 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE LAW OFFICES OF SYBIL SHAINWALD, P.C., a New York professional corporation, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| | ) No. 01 C 9076 |
| v. | )<br>) Judge John A. Nordberg |
| GOLDBERG & GOLDBERG, an Illinois partnership, BARRY GOLDBERG, and BARTH GOLDBERG, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

DOCKETED
AUG 7 2002

## MEMORANDUM OPINION AND ORDER

Before the court is defendants' motion to dismiss. For the reasons set forth below, the motion is denied.

## BACKGROUND

Consistent with the legal standards governing a motion to dismiss, we will describe the facts from plaintiff's perspective and will generally follow the path taken by the complaint. On May 15, 1991, Cynthia Kernats gave birth to Sarah Kernats. Sarah was born with various deformities and disfigurements allegedly caused by a CVS procedure, which is a test performed *in utero* that is designed to detect possible birth defects.

In November 1992, Cynthia filed a lawsuit in the Circuit Court of Cook County on her and her daughter's behalf (the "Kernats Action"). In 1993, the first attorney Cynthia retained

-1-



withdrew. She then retained plaintiff – The Law Offices of Sybil Shainwald, P.C. (the "Shainwald Firm") – due to its national reputation in the area of CVS litigation. The Shainwald Firm retained a number of experts on the CVS procedure.

In 1994, the Shainwald Firm entered into an oral agreement with Goldberg & Goldberg (the "Goldberg Firm"), an Illinois law firm and the principal defendant here. Under this agreement, the Shainwald Firm would refer the Kernats Action to the Goldberg Firm which in turn would pay a referral fee of one third of the fees the Goldberg Firm recovered in the Kernats Action. The Shainwald Firm also agreed to remain responsible for the legal services in the Kernats Action.

After the Shainwald Firm had been working on the case for some time, Barry Goldberg called Cynthia Kernats and allegedly made false representations causing her to fire the Shainwald Firm in a letter dated November 3, 1997.

Several days earlier, on October 29, 1997, the Shainwald Firm had filed a Motion to Assess Attorney Fees and Costs in the Kernats Action. The motion stated that the Shainwald Firm and the Goldberg Firm had entered into an agreement to share legal fees. The motion did not cite to a specific legal ground as the basis for recovering fees but simply asked the court to "assess" what fees that should be "allocated" to the Shainwald Firm.

On November 13, 1997, an agreed order was entered that deferred the fee dispute until the end of the underlying litigation. The order states:

> 1. That the claim for attorney's fees by the Law Offices of Sybil Shainwald in the above-captioned case is hereby stayed, pending conclusion of the issues pending in the U.S. Supreme Court; and continued before the trial judge to be determined at the conclusion of this case.

> 2. That when this case is concluded, reasonable and proper notice shall be given to all parties concerned and a mutually convenient date set to appear for a hearing regarding the disputed attorney's fees and all issues arising therefrom.

(Def. Ex. 2.) Several times thereafter, the trial judge reaffirmed that the November 13, 1997 order was still in place and would govern the resolution of the fee dispute.

In 1998, the trial judge approved a partial settlement of $100,000 in the Kernats Action and allocated $33,333.34 in attorneys' fees and $12,660.20 in costs to the Goldberg Firm. In 2000, the trial judge approved another partial settlement of $800,000.00 and awarded the Goldberg Firm $204,166.66 in attorneys' fees and $75,665.54 in costs.

On February 22, 2001, the Goldberg Firm filed what it describes as a routine motion to voluntarily dismiss the Kernats Action without prejudice with leave to re-file within one year. The judge granted the dismissal on the same day but the dismissal inadvertently was not entered on the docket until May 31, 2001. Plaintiff alleges that it never received notice of the February 22, 2001 dismissal order.

On May 18, 2001, the Goldberg Firm requested a status hearing to "carry over the fee dispute between counsel." On May 31, 2001, Judge Kogan entered and continued the motion so that it could be set before Judge Zwick.

On June 26, 2001, the Goldberg Firm filed a motion to adjudicate any attorney liens. The reason for the motion is that the Goldberg Firm wanted to cash one of the settlement checks that included the Shainwald Firm's name on the check. At the hearing on this motion, an issue arose as to whether the Shainwald Firm even had an attorney lien on file or whether it was asserting a quantum meruit claim. The attorney representing the Shainwald Firm stated that he did not think that the Shainwald Firm had an attorney lien. He also stated that the firm was contemplating

filing a separate action for tortious interference against the Goldberg Firm as opposed to a quantum meruit claim against the Kernats. Judge Zwick indicated that she would hold an evidentiary hearing but that it would be limited to the issue of whether there was an attorney lien.

On August 3, 2001, Judge Zwick held another hearing. She began by noting that there was no attorney lien on file. She then concluded that the "case [was] over" because she had nothing to rule on. This conclusion was apparently based on the fact that the Shainwald Firm had not formally filed a *written* motion seeking attorneys' fees based on a theory of quantum meruit. The judge stated at several points that the Shainwald Firm had decided not to prosecute its claim and that there was nothing to rule on:

> I don't have anything before me. I have no case, none. I can't do anything. If Shainwald's office chooses to file an action at this juncture, it will be independent because this case is over. I don't have jurisdiction to keep this case alive. It is over. It was over 30 days after the final order was entered once nothing was filed.

(8/3/01 Tr. at 5.) At the very end of the hearing, the attorney for the Shainwald Firm asked if his client could still file a claim for quantum meruit. The judge responded:

> I can't give you jurisdiction before this Court. What the law allows is determined by the statute of limitations as well as your right to remedies. I can't give you more than there is. [] The order will probably be – insofar as there is no pleading currently pending before the Court, the matter is moot. [] [T]hen whatever else, whatever remedies you have, you pursue them, but I can't – I can't do anything. There is nothing here. The case is over.

(*Id.* at 9-10.) It is not clear whether Judge Zwick ever subsequently entered a written order.

On November 26, 2001, the Shainwald Firm filed this lawsuit asserting diversity jurisdiction. The amended complaint contains three Illinois state law claims against the Goldberg Firm, Barry Goldberg, and Barth Goldberg: (i) tortious interference with prospective economic advantage; (ii) breach of fiduciary duty/constructive trust; and (iii) unjust enrichment.

Plaintiff are seeking approximately $112,000 in compensatory damages representing the lost fees and are also seeking punitive damages.

## DISCUSSION

The motion to dismiss contains four grounds for dismissal, which will be addressed in the order presented. It is important to recognize at the outset the basic principle that a complaint in federal court is merely the "starting point" of the litigation and a plaintiff need not "plead law or match facts to every element of a legal theory." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Instead, it is generally contemplated that the plaintiff will be allowed to conduct discovery in order to develop her claims. A motion to dismiss is therefore inappropriate to the extent that it depends on resolution of any factual disputes.

### I. Res Judicata.

In their first and primary ground for dismissal, the defendants argue that all the claims are barred by doctrine of res judicata because plaintiff could have raised them as part of the underlying state court action.

Under 28 U.S.C. § 1738, we must apply res judicata to the same extent the Illinois court would apply this doctrine. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000). In general, res judicata "bars a later suit between parties involving the same cause of action." *Id.* This bar applies not only to matters that were actually litigated but also to matters that could have been decided in the earlier lawsuit. *Id.* There are three requirements under Illinois law that must be satisfied:

> (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause[s] of action, and (3) there is an identity of parties or their privies.

*Id.* (quoting *River Park, Inc. v. City of Highland Park*, 703 N.D.2d 883, 889 (Ill. 1998)).

Although plaintiff argues that none of the three requirements has been met, we think that the second and third requirements have been met. The second requirement – identity of causes of action – is met because both the state court action and this federal case involve claims arising out of the same basic factual predicate, which is the Goldberg Firm's alleged refusal to pay one-third of the legal fees from the Kernats Action. Plaintiff argues that the claims in the two cases are different because they involve different legal claims or theories. But this does not matter as long they all arise out of the same general transaction. *See United States v. County of Cook*, 167 F.3d 381, 383 (7th Cir. 1999) (for purposes of res judicata, "[e]very legal theory pertaining to one transaction is part of a single claim."). The third requirement – identity of parties – also appears to have been met. It is true, as plaintiff argues, that the state court action was principally a case about medical negligence involving the Kernats. Yet, as discussed below, the issue of attorneys' fees between these two firms was clearly raised during this action and both law firms appeared numerous times before the state court judge.

The critical requirement – and the one that ultimately prevents application of res judicata – is the first one. Was there a final judgment on the merits? Defendants argue that the state court entered a final judgement on the merits. Although it is not entirely clear, the defendants apparently are taking the position that the final order is the February 22, 2001 dismissal order, which provisionally ended the litigation involving the Kernats. The gist of the defendants' argument is that the Shainwald Firm dropped the ball and failed to pursue its current claims in state court when it had an opportunity to do so.

After viewing state court record (at least the portions provided to us), we find that the defendants have not met their burden of showing that there was a final judgment on the merits. *See Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996) ("the party seeking to invoke res judicata bears the burden of proving its applicability"). There is simply too much uncertainty in the state court proceeding, which was long and included a number of rulings by different trial judges.

Up until Judge Zwick's August 2001 ruling, the various judges presiding over the Kernats Action had consistently indicated that the dispute over attorneys' fees would be litigated at the end of the underlying action. There was never any indication insofar as we can tell that the dispute would be limited to the issue of an attorney lien nor was there a clear statement that the Shainwald Firm needed to file a written motion.[1] Yet, Judge Zwick dismissed the fee dispute because there was no attorney lien on file and the Shainwald Firm had not timely filed a written motion asserting any other type of claim. There is thus a question of basic procedural fairness that counsels against application of res judicata.[2]

---

[1] The various orders throughout the litigation consistently referred to a generic "fee dispute" and did not contain any limitation on the type of claim that could be brought. For example, the important November 13, 1997 order states that, at the end of the case, the court would consider the issue of attorneys' fees "and all issues arising therefrom." In a later order, Judge O'Brien explicitly stated that the Shainwald Firm would be allowed to adjudicate "any and all" fee claims at the end of the litigation. *See* 12/29/00 Order (stating that the court was retaining jurisdiction "to adjudicate any and all other attorney's fees claims").

[2] There is another problem. Judge Zwick indicated that the Shainwald Firm should have filed a written motion within 30 days after the February 22nd dismissal order. This presents a problem because the Shainwald Firm has alleged – and we must take as true – that it never received notice of this ruling. Therefore, it could not have filed any motions within 30 days of that ruling. Moreover, the November 13, 1997 order explicitly stated that "reasonable and proper notice shall be given to all parties concerned" regarding the resolution of the fee dispute.

Rather than viewing Judge's Zwick's ruling as a decision on the merits of the current fee dispute, the better view is to conclude that she was merely deciding the question of whether there was an attorney lien so that the settlement check could be cashed and so that the lengthy Kernats Action could be concluded and that she intentionally did not rule on the merits of any other claims given that the Shainwald Firm indicated that it might file a separate action. In several places, Judge Zwick suggested that the Shainwald Firm would be able to file a separate action that would not be barred by *res judicata*. *See* 8/3/01 Tr. at 5 ("If Shainwald's office chooses to file an action at this juncture, it will be independent because this case is over."); *id.* at 10 ("whatever remedies you have, you pursue them"). These comments clearly would have led the Shainwald Firm to believe that its claims would not be barred by res judicata. In these circumstances, res judicata is unwarranted. *See generally Merrifield v. The Beaven/Inter-American Companies*, 1992 WL 193553, * 3 (N.D. Ill. Aug. 3, 1992) (finding that the policies of res judicata would not be served where the Illinois court expressed its intention that the party should be able to pursue certain of its claims later in federal court).

In sum, there is simply too much doubt as to the exact basis for the state court's ruling to justify applying res judicata at this stage of the proceeding. *See Welch v. Johnson*, 907 F.2d 714, 720 (7th Cir. 1990) ("The party asserting the defense of res judicata has the burden of showing with clarity and certainty what was determined by the prior judgment. Any doubt as to what was decided in the earlier action must be resolved against an application of res judicata.").

## II. Probate Exception.

Defendants also argue that the amended complaint should be dismissed based on the judge-made probate exception to diversity jurisdiction. This exception is based largely on the

-8-

practical notion of not having federal courts interfere with "probate matters and will contests" that are historically best dealt with by state courts. *See generally Georges v. Glick*, 856 F.2d 971, 973-74 (7th Cir. 1988) (summarizing the several bases for the exception). This exception is not a "hard and fast" jurisdictional rule, and courts "must construe [it] narrowly." *Id.* at 973.

Defendants claim that this exception is relevant here because there is a case pending in Illinois probate court involving Sarah Kernats. Under applicable Illinois rules, the probate judge must approve any expenditures from the minor's estate including any expenditures for attorneys' fees. Defendants believe that any ruling here would potentially interfere with this probate proceeding.

We fail to see how the present suit would impact that proceeding in any way. The Shainwald Firm has stated -- and we see nothing to contradict the assertion -- that it is not contesting the validity of the trust created for Sarah Kernats nor the dollar amount removed from it for attorneys' fees. Rather than seeking additional fees from the Kernats, the Shainwald Firm is merely seeking a portion of the fees already paid to the Goldberg Firm. Thus, any judgment would be against the law firm and would not require any approval from the state court probate judge. Accordingly, the probate exception is not applicable.

### III.  Count II – Breach of Fiduciary Duty/Constructive Trust.

In Count II, plaintiff alleges that the Shainwald Firm and the Goldberg Firm were participants in a joint venture and that, as a result, the Goldberg Firm owed the Shainwald Firm various fiduciary duties. Plaintiff alleges that the Goldberg Firm breached these duties. Defendants move to dismiss this count on the ground that no joint venture is formed as a matter of law when one attorney refers a case to another.

The problem with this argument is that it requires us to analyze the facts. Plaintiff agrees that a "mere referral" does not constitute a joint venture under Illinois law but argues that one can exist where the referring attorney has greater involvement. Plaintiff has alleged that it was acting as co-counsel rather than merely as a referring attorney. The nature of this legal relationship – and whether it was something more than a "mere referral" – is a fact issue that cannot be resolved on a motion to dismiss. *See generally Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("[l]itigants are entitled to discovery before being put to their proof").

## V.  Whether Barry Goldberg Was A Partner Or Associate.

For the same reason, we also reject defendants' fourth argument that all claims against Barry Goldberg should be dismissed because he was merely an employee of the Goldberg Firm rather than a partner. Defendants have submitted two affidavits to support their contention. Plaintiff correctly responds that defendants' argument is premature. The submission of affidavits on a motion to dismiss is an obvious red flag pointing to a factual dispute. Discovery is needed to resolve this matter, and dismissal is not warranted at this point in the litigation.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is denied. Defendants must answer or otherwise plead within 4 weeks from the date of entry of this order.


**ENTER:**

_____
JOHN A. NORDBERG
Senior United States District Court Judge

DATED: August 2, 2002